UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISMET GJELOSHI and FATIMA
GJELOSHI,

    Appellants,

v.                                                            Case No: 8:16-cv-2176-T-36

TMF 12, LLC,

    Appellee.
_____/

## **ORDER**

This matter comes before the Court upon Appellee's Motion to Dismiss Appeal (Doc. 7), filed on September 8, 2016. Appellants have not responded to the motion and the time to do so has expired. In the motion, Appellee states that Appellants have failed to take any action in the case following the Notice of Appeal, including failing to abide by the Court's deadlines and those set forth in the Federal Rules of Bankruptcy Procedure, Rule 8001, *et seq*. all of which justifies dismissal of the appeal. The Court, having considered the motion and being fully advised in the premises, will now grant the motion.

**DISCUSSION**

On July 11, 2016, the Bankruptcy Court in the underlying bankruptcy case, Case No. 8:16-bk-05375 (the "Bankruptcy Case"), entered its Order Granting TMF 12, LLC's Emergency Motion for Annulment of the Automatic Stay (Bankruptcy Case, Doc. No. 35) (the "Annulment Order"). The Annulment Order (i) found that the automatic stay provided for by 11 U.S.C. § 362(a) was annulled as of the date and time the Appellants filed their bankruptcy petition, and (ii) found that, by virtue of the annulment, the foreclosure sale which took place immediately following the Appellants' bankruptcy filing was not a violation of 11 U.S.C. § 362(a). The state court foreclosure

action is styled *Robert J. Wright, et al v. Ismet Gjeloshi, et al. and Wells Fargo Bank, N.A. v. Ismet Gjeloshi, et al.*, Case No. 09-18235-CI-8, and is pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County.

On July 22, 2016, Appellants filed in the Bankruptcy Court their Notice of Appeal, Bankruptcy Case, Doc. 56, which was followed by an Amended Notice of Appeal, Bankruptcy Case, Doc. 57. On July 29, 2016, the Clerk of the Bankruptcy Court filed the Notice of Transmittal of Record to District Court, Bankruptcy Case Doc. 65, which transmitted the Notice of Appeal to this Court. Doc. 1. On August 6, 2016, the Bankruptcy Court entered its Order granting TMF 12's Motion to Dismiss Bankruptcy Case (Bankruptcy Case Doc. 74) (the "Dismissal Order") which dismissed Appellant's bankruptcy case. The Appellants did not file a notice of appeal as to the dismissal order. The Clerk of the Bankruptcy Court transmitted a copy of the Dismissal Order to this Court, Doc. 6, and the Bankruptcy Court officially closed the case on September 8, 2016. On September 15, 2016, the Appellees filed a Notice of Voluntary Dismissal of Appeal. Bankruptcy Doc. 76, Doc. 8

Federal Rule of Bankruptcy Procedure 8003(a)(2) provides: "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). "[D]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." *Lawrence v. Educ. Credit Mgmt. Corp.*, 522 Fed. Appx 836, 839 (11th Cir. 2013) (quoting *Brake v. Tavormina (In re Beverly Manufacturing Corp.*, 778 F.2d 666, 667 (11th Cir. 1985)). Appellants have had ample opportunity to reply to this Motion and have not

done so. They also have not filed an initial brief, a motion for extension of time, or any other pleading in furtherance of this appeal.

Further, given the dismissal of the bankruptcy case, this appeal is now moot. *See In re Roberts*, 291 F. App'x 296, 298 (11th Cir. 2008) (quoting *Atlanta Gas Light Co. v. Fed. Energy Regulatory Comm'n,* 140 F.3d 1392, 1401 (11th Cir. 1998)) ("A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"). It appears Appellants may have inadvertently omitted filing their Notice of Voluntary Dismissal of Appeal in this action. Therefore, this appeal is due to be dismissed.

**Accordingly, it is ORDERED AND ADJUDGED**:

1. Appellee's Motion to Dismiss Appeal (Doc. 7) is **GRANTED**.

2. This Appeal is **DISMISSED**.

3. All pending motions are denied as moot.

4. The Clerk of Court is directed to close this case

**DONE AND ORDERED** in Tampa, Florida on October 26, 2016.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any